**DELPHI AUTOMOTIVE SYSTEMS, L.L.C., Plaintiff,**

v.

**Harry SLAUGHTER, et al., Defendants.**

No. C–2–01–00716.

United States District Court, S.D. Ohio, Eastern Division.

March 24, 2003.

David Warren Alexander, Squire Sanders & Dempsey-2, Columbus, OH, for Plaintiff.

Michael Robert Wintering, Columbus, OH, Timothy Stephen Chappars, Xenia, OH, for Defendants.

### OPINION AND ORDER

SMITH, District Judge.

Plaintiff in this diversity action seeks a declaration that defendant is not entitled to any uninsured/under insured motorists ("UM/UIM") coverage under plaintiff's purported fronting insurance policy. Defendants counterclaim seeking UM/UIM coverage. Plaintiff has filed a summary judgment motion (Doc. 19). Defendant Slaughter has filed a cross-motion for summary judgment and to dismiss (Doc. 22). For the reasons that follow, the Court grants plaintiff's summary judgment motion and denies defendant Slaughter's cross-motion for summary judgment and to dismiss.

### I. Facts

Plaintiff is a Delaware corporation with its principal place of business in Troy, Michigan. Defendant Harry Slaughter is the administrator of the estate of Kevin Johnson. Slaughter resides in Ohio. Defendant Krystal Wright is an individual citizen of the State of Ohio.

On May 7, 2000 a car accident occurred which resulted in the death of Kevin Johnson. The other driver, who was negligent, was under insured. At the time of the accident, Kevin Johnson worked for a divi-

sion of plaintiff in Ohio. Kevin Johnson was not acting within the scope of his employment at the time of the accident, nor was he driving a company car.

Defendant Krystal Wright was injured in a car accident that occurred on July 13, 2000. Wright is also an employee of a division of plaintiff. Wright was not acting within the scope of her employment at the time of the accident and was not driving a company car. Wright's accident was also caused by an under insured driver.

Plaintiff avers that since its separation from its parent, General Motors, in 1999, plaintiff has been self-insured for risks below $1 million. Plaintiff asserts that it accomplished this in part through the use of a "fronting policy" purchased from Reliance National Insurance Company (Reliance). A fronting or matching deductible policy is an agreement under which no risk is transferred to the insurance company because the deductible matches the policy limit, and the entity paying for the policy is essentially renting an insurance company's licensing and filing capabilities in a particular state or states. In this case, the policy at issue has a liability limit of $1 million, and contains a $1 million deductible.

The policy was negotiated in Michigan. It was also delivered and executed in Michigan.

The policy contains a limited endorsement for UM/UIM coverage in Ohio as well as other states. The body of the policy, however, provides that such coverage applies only in states in which it is mandated by law and cannot be rejected. Ohio is not such a state.

Both defendants have sought UIM coverage under plaintiff's policy. Coverage was denied.

## II. Summary Judgment

The standard governing summary judgment is set forth in Fed.R.Civ.P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).[1] The

---

**1.** *Reeves* involved a motion judgment as a matter of law made during the course of a trial under Fed.R.Civ.P. 50 rather than a pretrial summary judgment under Fed.R.Civ.P. 56. Nonetheless, standards applied to both kinds of motions are substantially the same. One notable difference, however, is that in

ruling on a motion for judgment as a matter of law, the Court, having already heard the evidence admitted in the trial, views the entire record, *Reeves*, 530 U.S. at 150, 120 S.Ct. 2097. In contrast, in ruling on a summary judgment motion, the Court will not have heard all of the evidence, and accordingly the

Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. *Id.* Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. *Id.*

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1476 (6th Cir.1989). The court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby,* 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* at 1479–80. That is,

non-moving party has the duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact, and the court need not comb the paper record for the benefit of the non-

the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris,* 260 F.3d 654, 665 (6th Cir.2001).

## III. Discussion

### A. Jurisdiction and Venue

 As an initial matter, defendant Slaughter moves to dismiss for lack of jurisdiction and improper venue. As plaintiff points out, the fact that Kevin Johnson was employed by a division of plaintiff located in Ohio does not destroy diversity. *See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (6th Cir.1986). The Court further finds that venue is proper because defendant Wright resides in the Southern District of Ohio, Eastern Division, and joinder of defendant Slaughter was proper under Fed. R. Civ. P. 20(a). Lastly, Slaughter refers to the pending state court action against the negligent driver. Since plaintiff is not a party to that action, the state action is not parallel to the instant case, and the state action is therefore irrelevant for purposes of determining jurisdiction over this declaratory judgment action. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). For these reasons, the Court denies Slaughter's motion to dismiss.

### B. Choice of Law

Plaintiff argues, *inter alia,* that the policy is governed by Michigan law, and as a result, the policy is not subject to interpretation under the Ohio decision *Scott–Pont-*

moving party. *In re Morris,* 260 F.3d 654, 665 (6th Cir.2001). As such, *Reeves* did not announce a new standard of review for summary judgment motions.

zer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999). Scott–Pontzer held that an employee was entitled to UIM coverage provided to his employer through the employer's business coverage policy. 85 Ohio St.3d at 665, 710 N.E.2d 1116. The court reached this conclusion by finding the definition of "insured," which included "you" and "if you are an individual, any family member" to be ambiguous, and subject to the interpretation that would include employees. Scott–Pontzer, 85 Ohio St.3d at 664–65, 710 N.E.2d 1116.

Michigan, however, has rejected the Scott–Pontzer approach. Michigan Township Participating Plan v. Pavolich, 232 Mich.App. 378, 591 N.W.2d 325, 328 (1998); Redd v. Natl. Union Fire Ins. Co. of Pittsburgh, PA, 241 F.Supp.2d 819, 822 (S.D.Ohio 2003). Hence, if Michigan law applies to interpret the policy, then UM/ UIM coverage does not apply for defendants.

■ A federal court must apply the choice of law rules of the state in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Mahalsky v. Salem Tool Co., 461 F.2d 581, 583 (6th Cir.1972). Under Ohio law,

> In the absence of an effective choice of law by the parties, the contacts to be taken into account to determine the law applicable to an issue include:
> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and
> (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.
> (Section 188 of 1 Restatement of the Law 2d, Conflict of Laws, adopted and applied).

Gries Sports Enterprises v. Modell, 15 Ohio St.3d 284, 473 N.E.2d 807 (1984)(syllabus by the court), cert. denied, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). The same factors apply to determine disputes over UM/UIM coverage. Ohayon v. Safeco Ins. Co. of Ill., 91 Ohio St.3d 474, 747 N.E.2d 206 (2001); Reidling v. Meacham, 148 Ohio App.3d 86, 88, 772 N.E.2d 163 (2002); Redd, 241 F.Supp.2d at 824.

■ Here, the facts corresponding to the Section 188 factors are undisputed. The place of contracting was Michigan. The policy was negotiated in Michigan and delivered in Michigan. The place of performance was either Michigan or New York, but in any event not Ohio. The coverage applied in a variety of states, and not exclusively in Ohio. There is no evidence to suggest that Ohio dominates over any other state with respect to the relevant subject matter of the policy, namely, covered autos owned by plaintiff. Lastly, plaintiff is a Delaware corporation with its principal place of business in Michigan, and Reliance's offices are located in New York.

Defendants point out that they reside in Ohio and the relevant place of employment was Ohio. These factors do not, however, determine choice of law in connection with a contract. See Redd, 241 F.Supp.2d at 825.

■ As a matter of law, the Section 188 factors indicate that Michigan law applies to determine the rights of the parties under the policy at issue. Michigan does not follow the Scott–Pontzer interpretation of who may be insured under a business liability policy. For this reason, defendants are not covered insureds under the policy for purposes of obtaining UIM coverage. Plaintiff is therefore entitled to summary judgment in its favor as a matter of law.

### C. Self–Insurer

 Plaintiff also contends that it is not subject to Ohio's UIM statute because it is self-insured in the practical in that the policy's deductible matches the liability limit. Although the above ruling is dispositive, the Court will nevertheless examine plaintiff's self-insurer argument as an alternative basis for its decision.

Ohio's UM/UIM statute does not apply to self-insurers. *Grange Mutual Casualty Co. v. Refiners Transport and Terminal Corp.*, 21 Ohio St.3d 47, 49–50, 487 N.E.2d 310 (1986); *Blatt v. Pacific Employers Ins. Co.*, 220 F.Supp.2d 861, 865 (N.D.Ohio 2002). The statute likewise is not applicable to entities who can be viewed as being self-insured "in a practical sense." *Grange*, 21 Ohio St.3d at 49, 487 N.E.2d 310. Although there is some authority to the contrary, the Court concludes that the better-reasoned position recognizes that a fronting agreement in which the deductible matches the liability limit is self-insurance and therefore not subject to the requirements of Ohio's UIM statute. *Lafferty v. Reliance Ins. Co.*, 109 F.Supp.2d 837, 841 (S.D.Ohio 2000) (such so-called "fronting agreements" have effect of making insured a self-insurer); *McCollum v. Continental Ins. Co.*, 1993 WL 382455 (1993); *but see Dalton v. Wilson*, 2002 WL 1813508, *10 (2002) (declining to follow *Lafferty* and *McCollum* because those cases "extend Grange well beyond its holding.").

The Court finds that plaintiff is a self-insurer in a practical sense, and that it is therefore not subject to the requirements of Ohio's UIM statute. For this additional reason, plaintiff is entitled to summary judgment in its favor as a matter of law.

### IV. Disposition

Based on the above, the Court **GRANTS** plaintiff's summary judgment motion (Doc. 19). The Court **DENIES** defendant Slaughter's cross-motion for summary judgment and to dismiss (Doc. 22–1 and Doc. 22–2).

The Clerk shall enter final judgment in favor of plaintiff, and against defendants, declaring that defendants are not insured under the policy at issue and are not entitled to any Ohio UM/UIM coverage under the policy at issue, and dismissing defendants' counterclaims with prejudice.

The Clerk shall remove this case from the Court's pending cases and motions lists.

The Clerk shall remove Doc. 19 and Doc. 22 from the Court's pending motions list.

**IT IS SO ORDERED.**