[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 303.]

HENDERSON *v*. LINCOLN NATIONAL SPECIALITY INSURANCE COMPANY.

[Cite as *Henderson v. Lincoln Natl. Speciality Ins. Co.*, 1994-Ohio-100.]

*Insurance—R.C. 3937.18 applies to motor vehicle liability insurance policy coveraging vehicles registered and principally garaged in Ohio, even when policy was not delivered or issued for delivery in Ohio by insurer.*

(No. 93-740—Submitted December 8, 1993—Decided February 2, 1994.)

ON ORDER from the United States District Court for the Northern District of Ohio, Western Division, Certifying a Question of State Law, No. 3:93-CV-7036.

————————

*Boyk & McCulley*, *David C. McCulley* and *Steven L. Crossmock*, for petitioner.

*Doyle, Lewis & Warner*, *John A. Borell* and *Kevin A. Pituch*, for respondent.

*Scanlon & Henretta Co., L.P.A.*, *J. Thomas Henretta* and *Ann Marie O'Brien*, in support of petitioner, for *amicus curiae* Ohio Academy of Trial Lawyers.

————————

{¶ 1} The United States District Court for the Northern District of Ohio, Western Division, has certified the following question to us:

{¶ 2} "Does Ohio Revised Code § 3937.18 apply to an automobile liability or motor vehicle liability policy of insurance covering vehicles registered and principally garaged in Ohio, when said policy was not delivered, or issued for delivery in Ohio by the insurer?"

{¶ 3} The certified question is answered in the affirmative.

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.

_____

**MOYER, C.J., dissenting.**

{¶ 4} The legal issue certified to us by the United States District Court for the Northern District of Ohio, Western Division, pursuant to S.Ct.Prac.R. XVI is: "Does Ohio Revised Code § 3937.18 apply to an automobile liability or motor vehicle liability policy of insurance covering vehicles registered or principally garaged in Ohio, when said policy was not delivered, or issued for delivery in Ohio by the insurer?"

{¶ 5} The portion of R.C. 3937.18 in question provides as follows:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided ***."

{¶ 6} Petitioner was injured in an automobile accident with an uninsured motorist in Lucas County, Ohio. At the time of the accident, petitioner was driving a motor vehicle owned by her employer which was registered and principally garaged in Ohio.

{¶ 7} Respondent provided insurance coverage to petitioner's employer with liability coverage limits of $1,000,000 and uninsured motorist coverage limits of $25,000. The insurance policy was issued in Kansas and delivered to petitioner's employer, a California corporation. A second issue, relevant only if R.C. 3937.18(A) is found applicable to the automobile in question, is whether petitioner is entitled to uninsured motorist coverage under respondent's policy of insurance.

{¶ 8} Without opinion, the majority answers the certified question in the affirmative. There is no explanation or attempt to construe, as ambiguous, the words of the statute that are clear on their face. The words "shall be delivered or

2

issued for delivery in this state" refer to the preceding words of the statute: "[n]o automobile liability or motor vehicle liability policy of insurance." The words chosen by the General Assembly manifest the clear intent of the General Assembly that the conditions imposed in the remainder of the statute apply to motor vehicle liability insurance policies that are issued or delivered in Ohio. The effect of the response of the majority is to rewrite the statute to delete the phrase "shall be delivered or issued for delivery in this state." While we may question the reason for such a limitation, our role is not to change the clear intent of the General Assembly where the Constitution has not been violated or where the Act of the General Assembly does not violate public policy. I would apply the rationale found in the opinion of the Tennessee Supreme Court in *Burns v. Aetna Cas. & Sur. Co.* (Tenn.1987), 741 S.W.2d 318, a case that presented an issue virtually identical to the issue certified to this court.

{¶ 9} If an application of the clear words of the statute cause unforeseen hardships, the statute is easily amended by the General Assembly.

WRIGHT, J., concurs in the foregoing dissenting opinion.

―――――――――――