DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas in favor of appellee, Lumbermens Mutual Casualty Company. ("Lumbermens").
 {¶ 2} On September 6, 1999, appellant, Salvador Garcia, was severely injured when he was struck by a vehicle driven by Kirk Green, an uninsured motorist. At the time of the accident, appellant resided with his brother, Ryan Garcia. Ryan was an employee of Wonder Bread, a division of Interstate Brands Corporation ("Interstate"). Interstate was insured by three commercial insurance policies issued by Lumbermens. These were (1) a Business Auto Policy; (2) a Commercial General Liability Policy; and (3) a Commercial Catastrophe Liability Policy, an umbrella policy.
 {¶ 3} On August 28, 2000, appellant commenced the instant action seeking, among other things, a finding that he is entitled, pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660 andEzawa v. Yasuda Fire Marine Ins. Co. (1999), 86 Ohio St.3d 557, to uninsured motorist ("UM") coverage under all three of the Lumbermens' commercial policies.
 {¶ 4} Both appellant and Lumbermens filed motions for summary judgment. One of the arguments raised by Lumbermens was that the law of the state of Missouri governs the parties' rights and duties under the three commercial insurance contracts. In his motion for summary judgment, appellant maintained that, pursuant to the Ohio Supreme Court cases providing guidance on the choice of law question, Ohio law controlled the parties' rights under the subject contracts.
 {¶ 5} The trial court applied the choice of law standard set forth in Ohayon v. Safeco Ins. Co. (2001), 91 Ohio St.3d 474, and found that Missouri law does apply to the case at hand. Because Missouri law has no statutory requirements for UM coverage, the court concluded, in essence, that appellant was not entitled to any coverage under the three Lumbermens' policies. Based on this conclusion the court below further held that the remaining issues raised by the parties in their motions were moot.
 {¶ 6} Appellant appeals the trial court's judgment and asserts the following assignments of error:
 {¶ 7} "The trial court erred in denying appellant's motion for summary judgment."
 {¶ 8} "The trial court erred in granting appellee's motion for summary judgment."
 {¶ 9} Because the sole issue[1] in the instant appeal is whether the trial court erred in determining that Missouri law, not Ohio law, is applicable in this instance, we shall consider appellant's assignments of error together.
 {¶ 10} Appellate courts employ the same standard for summary judgment as do trial courts. Smiddy v. Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
 {¶ 11} Here, appellant contends that the trial court erred in finding that the law of Missouri was the appropriate law to apply to the present case for two reasons. First, appellant argues that because Interstate has vehicles that were principally garaged in Ohio, the three Lumbermens policies are subject to Ohio law. Second, appellant maintains that upon the proper application of the choice of law rules provided by the Ohio Supreme Court in Ohayon, reasonable minds could only conclude that Ohio law should govern this case.
 {¶ 12} In Vohsing v. Federal Ins. Co., 5th Dist. No. 2002-CA-00101, 2003-Ohio-2511, the plaintiffs-appellants seeking underinsured ("UIM") coverage pursuant to Scott-Pontzer were injured in a motor vehicle accident that occurred in the state of Ohio. Id. at ¶ 1 and ¶ 22. The employer of one of the plaintiffs had a commercial motor vehicle liability insurance policy with Federal Insurance Company. Id. at ¶ 3. The insurance company filed a motion for summary judgment in which it argued that because the policy was issued and delivered in the state of Pennsylvania, the law of that state should be applied. Id. at ¶ 5.
 {¶ 13} Upon applying the choice of law rules set forth in Ohayon, the trial court found that the insurance policy issued by Federal Insurance Company was governed by Pennsylvania law and granted the motion for summary judgment. Id. at ¶ 6 and ¶ 14.
 {¶ 14} On appeal, the Fifth Appellate District indicated that Ohayon was factually distinguishable from the case before it because the choice of law issue arosein Ohayon only because the accident occurred in Pennsylvania. Id. at ¶ 21. The Vohsing court therefore determined that the holding in Henderson v. Lincoln Natl Specialty Ins. Co. (1994),68 Ohio St.3d 303 was applicable to the case before it.
 {¶ 15} In Henderson, the Ohio Supreme Court held that even when a motor vehicle liability insurance policy was not delivered or issued for delivery in Ohio by the insurer, R.C. 3937.18 (which formerly required a mandatory offer of UM/UIM coverage) applies to policies covering vehicles registered and principally garaged in Ohio. Id. at 303.
 {¶ 16} As applied to the present case, the parties stipulated to the fact that one or more of Interstate's motor vehicles are principally garaged in the state of Ohio. The accident happened in Ohio and the injured party is an Ohio resident. Thus, it appears that pursuant to Henderson, and as applied in Vohsing, the controlling law should be Ohio law.
 {¶ 17} Moreover, even if we analyze this cause under the Ohayon choice of law principles, we would reach the same conclusion. Accord, Vohsing at ¶ 25.
 {¶ 18} The Ohayon court found that an action by an insured for the payment of UIM benefits is an action sounding in contract rather than tort. Ohayon v. Safeco Ins. Co. of Illinois, 91 Ohio St.3d at paragraph one of the syllabus. Thus, the court held that issues related to the nature and extent of a party's rights and duties pursuant to the underinsured motorist provisions of an insurance contract "shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law2d, Conflict of Laws * * *." Id. at paragraph two of the syllabus.
 {¶ 19} "Section 187 provides that, subject to very limited exceptions, the law of the state chosen by the parties to a contract will govern their contractual rights and duties." Id. at 477. Section 188 enumerates factors courts should consider in the absence of such a choice. Id. These factors go to a determination of which state has "`the most significant relationship to the transaction and the parties.'" Id., quoting 1 Restatement of the Law 2d, Conflict of Laws at 575, Section 188(1). The factors listed in Section 188(2)(a) through (d) are "the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties." Id.
 {¶ 20} The court in Ohayon further found that ascertaining the rights created by an insurance contract under the Restatement comports with the view that the applicable law should be the "local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties.'" Id at 479, quoting 1 Restatement of the Law 2d, Conflict of Laws at 610, Section 193. In the case of an automobile liability policy, the parties usually know beforehand where the insured risk, that is, the automobile, will be principally garaged during most of the period in question. Id at 479-480 (Citation omitted).
 {¶ 21} As applied to the present case, the trial court found that the place of negotiation and contracting was Missouri, that the place of incorporation was Missouri and that Interstate's principal place of business is in Missouri. The court also acknowledged that: (1) Wonder Bread, a subdivision of Interstate, does business in the state of Ohio; (2) Interstate has one or more motor vehicles principally garaged in the state of Ohio; and (3) that an endorsement to the Lumbermens Business Auto Policy specifically offered UM/UIM coverage to Interstate's motor vehicles principally garaged in Ohio.
 {¶ 22} The common pleas court found, nonetheless, that factor two was less significant because the Lumbermens Business Auto Policy contained endorsements for "virtually every state" and the Commercial General Liability Policy contained changes for the state of Missouri. The lower court also pointed out that the "policy" covers vehicles principally garaged in other states. The court therefore found that Missouri had the most significant relationship to the transaction in the case under consideration. We disagree.
 {¶ 23} It is undisputed that Wonder bread does business in the state of Ohio and has one or more vehicles principally garaged in this state. The accident in the present case occurred in Ohio, the injured party is a resident of Ohio, and the place of performance, i.e., the payment of insurance benefits, is Ohio.
 {¶ 24} Furthermore, the Business Auto Policy for the period of July 1, 1999 to July 1, 2002 includes forms offering UM/UIM coverage for Interstate motor vehicles principally garaged in Ohio. While Interstate rejected this coverage for each of the three years it was offered, the offers of UM/UIM coverage pursuant to R.C. 3937.18 conveyed an intent that Ohio law would apply. See Vohsing, 2003-Ohio-2511 at ¶ 26;Amore v. Grange Ins. Co., 5th Dist. No. 02CA70, 2003-Ohio-3207 at ¶ 25; Glover v. Smith, 1st Dist. Nos. C-020192 and C-020205,2003-Ohio-1020 at ¶ 8; and Horston v. Pfannenschmidt, 7th Dist. No. 02-JE-3, 2002-Ohio-7379 at ¶ 13.
 {¶ 25} Thus, we conclude, in considering all of the factors, that Ohio has the most significant relationship to the subject matter of this dispute. Therefore, the trial court erred in granting summary judgment to Lumbermens based upon the issue of choice of law. To the contrary, the trial court should have granted appellant's motion for summary judgment on the choice of law question only. To this extent, appellant's first and second assignments of error are found well-taken.
 {¶ 26} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to that court for consideration of the dispositive issues in this cause under Ohio law. Lumbermens is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., CONCUR.
[1] Appellant withdrew his other assertions in support of his assignments of error at oral argument.