HUMBERT et al., Appellees; Thom, Appellant,

v.

UNITED OHIO INSURANCE COMPANY et al., Appellees.

[Cite as *Humbert v. United Ohio Ins. Co.*, 154 Ohio App.3d 540, 2003-Ohio-4356.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–03–22.

Decided Aug. 18, 2003.

George C. Rogers, for appellant Bernita Thom.

Ed Duncan, Richard D. Brooks, for appellee Traveler's Indemnity Company of Illinois.

---

SHAW, Judge.

{¶ 1} This is an appeal from the judgment of the Seneca County Common Pleas Court that granted summary judgment to defendant-appellee, Traveler's Indemnity Company ("Traveler's"), and against plaintiff-appellant, Bernita Thom.

{¶ 2} On April 23, 1995, Richard J. Miller was killed in an auto accident caused by an underinsured motorist. Miller was survived by, among others, his grandmother, Thom. At the time of the accident, Thom was employed by the American Standard Company, which was covered by a commercial automobile policy of insurance issued by the Traveler's Indemnity Company. Thom filed an underinsured motorist ("UIM") claim with Traveler's for her damages resulting from Miller's accident pursuant to *Scott–Pontzer*, which Traveler's denied.

{¶ 3} On January 15, 2002, Thom filed a complaint against Traveler's, and on June 21, 2002, she filed a motion for partial summary judgment. Traveler's also filed a motion for summary judgment. The trial court held oral argument and on February 27, 2003, granted summary judgment in favor of Traveler's.

{¶ 4} Thom now appeals, asserting three assignments of error which will be discussed together.

"The trial court erred when it failed to hold that Ohio law applied to and was incorporated in the Ohio uninsured motorist endorsement in the Traveler's Policy and denied Bernita Thom's motion.

"The trial court erred when it failed to hold that the insurer and insured in writing agreed in the reduction form that the laws of Ohio applied to the Ohio uninsured motorist coverage provided by the policy, or was at least ambiguous in that regard, and erred denying Bernita Thom's motion.

"The trial court erred in failing to recognize that if all the uninsured motorist coverage provided by the policy was to be governed by New Jersey law, there would be no need for 30 separate UM endorsements for each state that the policy contains, and erred in granting the Traveler's motion for summary judgment."

{¶ 5} An appellate court reviews a grant of summary judgment de novo. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment is proper if the evidence filed in a case shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Furthermore, summary judgment should be granted if "it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).

{¶ 6} Thom contends that Ohio law applied to her claim under the Traveler's policy and that she was entitled to UIM coverage pursuant to the Ohio Supreme Court's holding in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. We disagree.

{¶ 7} In *Ohayon v. Safeco Ins. Co. of Illinois* (2001), 91 Ohio St.3d 474, 747 N.E.2d 206, the Ohio Supreme Court held that an action by an insured against his or her insurance carrier for payment of UIM coverage is a cause of action sounding in contract, rather than tort, even though tortious conduct triggered the applicable contractual provisions. Id. at paragraph one of the syllabus. Courts must determine questions involving the nature and extent of the parties' rights and duties under an insurance contract's UIM provision by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971). *Ohayon*, supra, paragraph two of the syllabus.

{¶ 8} Section 187 of the Restatement provides that, subject to very limited exceptions, the law of the state chosen by the parties to a contract will govern their contractual rights and duties. Id. at 477, 747 N.E.2d 206. The court in *Ohayon* stated, "We do not invoke Restatement Section 187 to apply the law of the state chosen by the parties unless we are satisfied that the parties have actually made an express choice of law regarding the issue before the court." *Ohayon*, supra, 91 Ohio St.3d at 486, 747 N.E.2d 206.

{¶ 9} Thom argues that by offering Ohio UIM coverage pursuant to R.C. 3937.18, Traveler's acknowledged that Ohio law was applicable to her claim. However, the mere presence of state-specific endorsements in an insurance policy is not an affirmative choice of the law of any particular state as required by

Section 187. See *Register v. Nationwide Mut. Fire Ins. Co.*, Hamilton App. Nos. C–020318 and C–020319, 2003-Ohio-1544, 2003 WL 1571597, ¶ 10; *Nationwide Ins. v. Phelps,* Columbiana App. No. 2002 CO 27, 2003-Ohio-497, 2003 WL 220418, at ¶ 13. To hold otherwise would be contrary to the Restatement's stated rationale for Section 187: "Prime objectives of contract law are to protect the justified expectations of the parties and to make it possible for them to foretell with accuracy what will be their rights and liabilities under the contract." Restatement of the Law 2d, Conflict of Laws, Section 187, Comment *e*; *Ohayon,* supra, at 476–477, 747 N.E.2d 206. Further, the Supreme Court has stated that R.C. 3937.18, Ohio's UIM statute, "unlike some Ohio statutes that apply to contractual relationships, imposes no choice of law on the parties if a dispute arises concerning the existence or extent of coverage." *Ohayon,* supra, 91 Ohio St.3d at 481, 747 N.E.2d 206.

{¶ 10} Absent an effective choice of law by the parties, pursuant to Section 188 of the Restatement, the parties' rights and duties under the contract are determined by the law of the state that has "the most significant relationship to the transaction and the parties." *Ohayon,* supra, 91 Ohio St.3d at 477, 747 N.E.2d 206; *Phelps,* supra, at ¶ 14. Section 188(2) provides that, in making this determination, courts should consider (1) the place of contracting, (2) the place of negotiation, (3) the place of performance, (4) the location of the subject matter, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Ohayon,* supra, 91 Ohio St.3d at 477, 747 N.E.2d 206. As to insurance cases, the Ohio Supreme Court has stated that the focus on these factors "will often correspond with the Restatement's view that the rights created by an insurance contract should be determined 'by the law of the state which the parties understood was to be the *principal location of the insured risk during the term of the policy,* unless * * * some other state has a more significant relationship to the transaction and the parties.'" *Ohayon,* supra, 91 Ohio St.3d at 479, 747 N.E.2d 206, quoting Restatement 188.

{¶ 11} Thom argues that since Traveler's provided an Ohio UIM endorsement to American Standard pursuant to R.C. 3937.18, Ohio law necessarily applies. We disagree.[1] See, also, *Phelps,* supra. If all insurance policies that included an Ohio UIM endorsement pursuant to R.C. 3937.18 were to be interpreted using Ohio law, the court would have had no reason to hold that "R.C. 3937.18 * * * imposes no choice of law on the parties if a dispute arises concerning the

---

1. Thom argues that *Henderson v. Lincoln Natl. Speciality Ins. Co.* (1994), 68 Ohio St.3d 303, 626 N.E.2d 657, governs in this case, requiring this court to apply Ohio law. However, the court in *Henderson* did not discuss which law would apply "if a dispute arises concerning the existence or extent of coverage" as was the situation in *Ohayon* and in the present case.

existence or extent of coverage." *Ohayon,* supra; see, also, *Goings v. Emerson Elec. Co.* (Apr. 23, 2003), S.D. Ohio, No. C–3–01–353.

{¶ 12} The evidence in this case that is applicable to the *Ohayon* test reveals that (1) the contract was formed in New Jersey, (2) the contract was negotiated in New Jersey, (3) the contract was performed throughout the United States, (4) the automobiles that were insured were located throughout the United States with a small number in Ohio, and (5) American Standard is incorporated in Delaware with its principal place of business in New Jersey, and Travelers has its headquarters in Connecticut. Under these circumstances, we find that the connection to New Jersey represents the "more significant relationship to the transaction and the parties." See, generally, *Powers v. CGU Indiana–Ohio Valley* (Dec. 31, 2001), Franklin App. No. 01AP–440, 2001 WL 1661893, *Phelps,* supra; *Carr v. Isaacs,* Butler App. No. CA2001–08–191, 2002-Ohio-1734, 2002 WL 553715; *Pennsylvania .Gen. Ins. Co. v. Shoults,* (Mar. 28, 2002), S.D. Ohio No. C2-00-1107, 2002 WL 485017. Consequently, pursuant to *Ohayon,* we will utilize New Jersey law to interpret the existence and extent of coverage in the Travelers policy.

■ {¶ 13} The Traveler's policy provides uninsured motorist coverage to an insured, which is defined as:

"1.   You.

"2.   If you are an individual, any 'family member.'

"3.   Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.' * * *

"4.   Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured.' "

{¶ 14} Furthermore, the Traveler's policy defines "you" as the "named insured shown in the declarations," which is listed as American Standard Inc., Piscataway, New Jersey. In this case, neither Thom nor her grandson was listed as a named insured, and there is no evidence in the record that Thom's grandson was driving a covered automobile. Consequently, pursuant to New Jersey law, Thom is not an insured under the Traveler's policy. See *Progressive Cas. Ins. v. Hurley* (Jan. 29, 2001), 166 N.J. 260, 765 A.2d 195.[2]

---

2. The New Jersey Supreme Court has not determined, as has the Ohio Supreme Court in *Scott–Pontzer,* supra that the use of the word "you" alone, as a definition for who is an insured in an insurance policy when referring solely to a corporation, creates an ambiguity which results in employees of that corporation receiving coverage as an insured. On the contrary, the New Jersey Supreme Court in *Progressive, supra,* implied that the same language as reflected above in the Traveler's policy defining "who is an insured" was not ambiguous.

{¶ 15} Based on the foregoing, we cannot find that the trial court erred in granting summary judgment to Traveler's and denying Thom's motion for summary judgment. Consequently, Thom's first, second, and third assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

WALTERS and CUPP, JJ., concur.