OPINION
{¶ 1} This is an appeal by Defendant-Appellant Federal Insurance Company from the trial court's February 6, 2003 Judgment Entry granting Plaintiff-Appellee's Motion for Summary Judgment as to the Regent commercial automobile policy and the Federal Umbrella Policy coverage "A".
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On May 28, 2000, Plaintiff's decedent, Marie Starks, was killed in a single car accident. The accident occurred in the State of New York. The automobile in which Ms. Starks was a passenger was a vehicle rented by her daughter Beverly Kirksey. The tortfeasor, Jarrin Kirksey, Marie Starks' grandson, was the driver of the vehicle and allegedly fell asleep at the wheel and lost control of the vehicle resulting in Ms. Starks' death.
 {¶ 3} Jarrin Kirksey was insured by Progressive Insurance Company with liability coverage of $50,000.00.
 {¶ 4} Plaintiff-Appellee settled with and released the tortfeasor for policy limits with notice and consent to Defendants-Appellants.
 {¶ 5} At the time of her death, Marie Starks was married to and living with Plaintiff-Appellee Leroy Starks, who was an employee of Alliance Midwest Tubular Products Company (Alliance Tube).
 {¶ 6} Alliance Tube was insured by Regent Insurance Company under a business automobile policy with liability coverage limits of $1,000,000.00 and $1,000,000.00 in UM/UIM coverage, and a comprehensive general liability policy (CGL) with limits of $1,000,000.00. These polices were issued to J.H. Roberts Industries.
 {¶ 7} Alliance Tube also was insured under an umbrella policy issued by Federal Insurance Company with limits of $20,000,000.00. The umbrella policy contained excess follow form liability coverage under "Coverage A' and umbrella liability coverage under "Coverage B".
 {¶ 8} Plaintiff-Appellee brought separate declaratory action suits against Regent and Federal seeking a determination of UM/UIM coverage for damages sustained in the accident which resulted in the death of his wife.
 {¶ 9} Motions and cross-motions for summary judgment were filed by Plaintiff and Defendants.
 {¶ 10} The trial court, in its decision entered February 6, 2003, held that the Starks were insured under the Regent Business Auto policy and the Federal Umbrella policy under "Coverage A".
 {¶ 11} It is from this decision which Appellant Federal Insurance Company appeals, assigning the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 12} "I. THE TRIAL COURT ERRED IN APPLYING OHIO LAW TO THE FEDERAL UMBRELLA POLICY WHERE ILLNOIS HAD THE MOST SIGNIFICANT RELATIONSHIP TO THE CONTRACT AND THE PARTIES TO THE CONTRACT. (JUDGMENT ENTRY OF 2/6/03)."
 {¶ 13} "II. THE TRIAL COURT ERRED IN FINDING THE STARKS TO BE INSUREDS UNDER THE FEDERAL UMBRELLA POLICY AND IN FINDING THEM TO BE ENTITLED TO UM/UIM COVERAGE UNDER THE FEDERAL UMBRELLA POLICY. (JUDGMENT ENTRY OF 2/6/03)."
 {¶ 14} "III. THE TRIAL COURT ERRED IN FINDING THE STARKS TO BE ENTITLED TO BINDING ARBITRATION UNDER THE FEDERAL UMBRELLA POLICY WHERE THE POLICY CONTAINS NO ARBITRATION PROVISION AND WHERE ARBITRATION WAS NOT REQUESTED BY THE PARTIES. (JUDGMENT ENTRY OF 2/6/03)."
 {¶ 15} "IV. THE TRIAL COURT ERRED IN FAILING TO FIND THAT FEDERAL'S POLICY POVIDES UM/UIM COVERAGE TO APPELLEE'S, IF AT ALL, ONLY IN EXCESS TO THAT PROVIDED IN THE REGENT BUSINESS AUTO POLICY. (JUDGMENT ENTRY OF 2/6/03)."
 {¶ 16} SUMMARY JUDGMENT STANDARD
 {¶ 17} Civ.R. 56(C) states, in pertinent part:
 {¶ 18} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 19} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 20} It is based upon this standard we review appellants' assignments of error.
 I. {¶ 21} In its first assignment of error, Appellant claims that the trial court erred in determining choice of law in favor of the state of Ohio. We disagree.
 {¶ 22} In Ohayon v. Safeco Ins. Co. of Illinois (2001),91 Ohio St.3d 474, 2001-Ohio-100, the Ohio Supreme Court held:
 {¶ 23} "1. An action by an insured against his or her insurance carrier for payment of underinsured motorist benefits is a cause of action sounding in contract, rather than tort, even though it is tortious conduct that triggers applicable contractual provisions. (Citation omitted.)
 {¶ 24} "2. Questions involving the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971). (1 Restatement of the Law 2d, Conflict of Laws [1971], Section 205, applied.)" Id. at para. one and two of syllabus."
 {¶ 25} Appellant argues that applying the Restatement factors, the trial court should have found that the applicable law should be that of Illinois since Illinois was the place of negotiation, issuance and delivery of the policy.
 {¶ 26} It should be noted that Illinois law does not recognizeScott-Pontzer claims or imply UM/UIM coverage as a matter of law.
 {¶ 27} This Court has previously held that Ohio law applies
 {¶ 28} We find the instant case to be similar to Vohsing v.Federal Insurance Company (May 5, 2003), Licking App. No. 2002CA00101,2003-Ohio-2511, wherein we had to determine whether Ohio law, or more specifically, whether R.C. § 3937.18 applies, to a policy of insurance which was issued and delivered in a state other than Ohio, but covers automobiles principally garaged in the State of Ohio.
 {¶ 29} In Vohsing, supra, this Court relied on Henderson v.Lincoln Natl. Specialty Ins. Co. (1994), 68 Ohio St.3d 303,1994-Ohio-100, wherein the Ohio Supreme Court held that statute prescribing mandatory offering of uninsured and underinsured motorist coverage applies to motor vehicle liability insurance policy covering vehicles registered and principally garaged in Ohio, even when policy was not delivered or issued for delivery in Ohio by insurer.
 {¶ 30} As the Ohio Supreme Court has interpreted R.C. §3937.18(A) to apply to insurance policies delivered out of state, but which cover vehicles registered or garaged in Ohio, we find that the Federal insurance policy issued to J.H. Roberts Industries was subject to Ohio law, not Illinois law.
 {¶ 31} At the time of the accident, PTC owned and/or had covered eighteen vehicles under the Federal policy. Of these eighteen vehicles, eleven were registered to and/or principally garaged in Ohio. The Federal policy, while it does not contain an Ohio uninsured motorist coverage endorsement form, is an umbrella policy to the underlying Regent Insurance business auto policy which provides UM/UIM coverage for those vehicles.
 {¶ 32} Accordingly, the above factors demonstrate that Ohio has by far the greatest interest in the subject matter in dispute.
 {¶ 33} Appellant's first assignment of error is denied.
 II. {¶ 34} In its second assignment of error, Appellant argues that the trial court erred in finding that the Starks to be entitled to UM/UIM coverage under the Federal Umbrella policy. We disagree.
 {¶ 35} The Federal umbrella policy lists in the Schedule of Underlying Insurance the Regent business auto policy as an underlying policy for which it provides excess follow form coverage.
 {¶ 36} This Court has previously found that the Starks qualify as UM/UIM insureds under the underlying Regent business auto policy. SeeStarks v. Federal Insurance Co. (___, 2003) Stark App. No. 2003CA00102.
 {¶ 37} We therefore find that the trial court was correct in finding that the Starks are entitled to coverage under "Coverage A" of the Federal umbrella policy.
 {¶ 38} Appellant's second assignment of error is denied.
 III. {¶ 39} In its third assignment of error, Appellant argues that the trial court erred by ordering the issue of damages to binding arbitration. We agree.
 {¶ 40} Upon review, we find that the Federal umbrella policy does not contain an arbitration clause.
 {¶ 41} In Greene v. Westfield Ins. Co. (Nov. 12, 2002), Stark App. 2002CA00114, 2002-Ohio-6179, this Court held that where coverage arises by operation of law, as in the case sub judice, it is error to impose the policy provisions upon such coverage.
 {¶ 42} In the instant case, Appellees only requested arbitration as to the underlying Regent business auto policy, which contains an arbitration provision.
 {¶ 43} We therefore find that the trial court erred in ordering binding arbitration as to the Federal policy.
 {¶ 44} Appellant's third assignment of error is sustained.
 IV. {¶ 45} In its fourth and final assignment of error, Appellant argues that the trial court erred in not specifically stating in its judgment entry that exhaustion of the underlying Regent business auto policy must occur before the Federal umbrella policy coverage is triggered.
 {¶ 46} Upon review of the trial court's entry, we find that the trial court stated "[t]he court having found UIM coverage under the Regent CAP now finds excess follow form liability under the Federal umbrella coverage "A" of up to $20,000,000.00."
 {¶ 47} We read this to mean such Coverage A is not triggered until the underlying policy limits are reached, which is in accord with previous decisions of this Court holding same. Appellee's agree with this interpretation. (Appellee's brief at 29).
 {¶ 48} We find Appellant's fourth and final assignment of error not well-taken.
 {¶ 49} The decision of the trial court is affirmed in part, reversed in part and remanded for proceedings in accordance with this opinion.
By: Boggins, J., Gwin, P.J., and Edwards, J. concur.