JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, the Estate of Robert Sarka (the "estate"), appeals the trial court's granting defendant-appellee AIU Insurance Company's ("AIU") motion for summary judgment and denying its motion for summary judgment. Finding merit to this appeal, we reverse.
 {¶ 2} On July 5, 2000, Robert Sarka ("Sarka") was traveling to Toledo with his wife and daughter when their vehicle was struck by a motor home. Sarka and his daughter were killed in the accident. He was employed as a sales representative for Time Warner, Inc. ("Time Warner"), and was on his way to a business meeting in Toledo.[1]
 {¶ 3} After the driver of the motor home offered his liability limits of $25,000, the estate sought underinsured motorist ("UIM") benefits and commenced this suit against Sarka's personal insurance carrier, Lightning Rod Mutual, his employer's primary insurance carrier, Travelers Indemnity Company, and his employer's umbrella insurance carrier, AIU. The estate settled with Lightning Rod Mutual for $6,000 and with Travelers Indemnity for $750,000. The AIU policy provided for $25,000,000 in automobile liability coverage and, after AIU denied any coverage, both the estate and AIU moved for summary judgment.
 {¶ 4} In its motion, the estate argued that Sarka was an insured under the policy because he was acting in the course and scope of his employment at the time of the accident.[2]
Further, the estate contended that because AIU failed to execute a valid written offer/rejection of UIM benefits in accordance with the requirements of Gyori v. Johnston Coca-Cola BottlingGroup, Inc., 76 Ohio St.3d 565, 1996-Ohio-358, and Linko v.Indem. Ins. Co. (2000), 90 Ohio St.3d 445, Sarka was entitled to coverage by operation of law and any exclusion of UIM coverage was inapplicable. In its motion for summary judgment, AIU countered that New York law governed the policy and, thus, the exclusion for UM/UIM coverage in the policy was applicable. The estate argued that despite the fact that the policy was negotiated and delivered in New York, Ohio law governed because the location of the "insured risk" was Ohio.
 {¶ 5} In granting AIU's motion, the trial court found that New York had the most significant contacts and that, based on the overwhelming number of vehicles garaged in New York, AIU and Time Warner understood New York to be the principal location of the insured risk. By applying New York law, the trial court further held that the estate was barred from recovering UIM benefits from AIU.
 {¶ 6} The estate appeals, raising two assignments of error. In its first and second assignments of error, the estate argues that the trial court erred by granting AIU's motion for summary judgment and denying its motion.
 {¶ 7} Appellate review of summary judgments is de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105;Zemcik v. La Pine Truck Sales Equipment (1998),124 Ohio App.3d 581, 585. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
 {¶ 8} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292-293. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 Choice of Law {¶ 9} In support of its first assignment of error, the estate argues that the Ohio UM/UIM statute, R.C. 3937.18,[3]
applies to the policy because: (1) pursuant to Henderson v.Lincoln Natl. Specialty Ins. Co. (1994), 68 Ohio St.3d 303, the statute automatically governs insurance policies insuring vehicles registered and garaged in Ohio; (2) there is no conflict between Ohio and New York regarding the applicability of R.C.3937.18; (3) the inclusion of an "Ohio Uninsured Motorist Coverage Option Form" essentially constituted a choice of Ohio law; (4) AIU admitted in discovery that R.C. 3937.18 applies; and (5) even applying a choice-of-law analysis, Ohio has more significant contacts than New York. In response, AIU contends that the Ohio Supreme Court's decision in Ohayon v. Safeco Ins.Co., 91 Ohio St.3d 474, 2001-Ohio-100, requires a choice-of-law analysis and under such analysis, New York law applies.
 {¶ 10} We initially note that contrary to the estate's contention, Henderson does not render Ohayon and choice-of-law principles inapplicable to the instant case. InHenderson, the Ohio Supreme Court found that R.C. 3937.18
applies "to an automobile liability or motor vehicle liability policy of insurance covering vehicles registered and principally garaged in Ohio, when said policy was not delivered, or issued for delivery in Ohio by the insurer." Because the court was answering a limited question certified by the federal court and it did not address choice-of-law issues, we find that Henderson
is not controlling when such issues are raised. See Redd v.Natl. Union Fire Ins. Co. (S.D. Ohio 2003), 241 F. Supp.2d 819,824 (finding Henderson does not preclude choice-of-law analysis and is inapplicable when another state's law applies). We find, however, that Henderson is relevant to a choice-of-law analysis when considering the significance of the place of negotiation and delivery in comparison to the place where the vehicle is registered and garaged.
 {¶ 11} Additionally, we find the estate's argument that there is no conflict between Ohio and New York law lacks merit. Absent a valid written offer/rejection of UM/UIM coverage, R.C. 3937.18
does not permit enforcement of an exclusion of such coverage and creates coverage by operation of law. See, R.C. 3937.18; Gyori,
supra; Linko, supra. In contrast, New York law permits UM/UIM exclusions in umbrella policies when the exclusion is clear and unambiguous. See Connolly v. St. Paul Fire Marine Ins. Co.
(N.Y.A.D. 1993), 198 A.D.2d 652. Accordingly, because of this conflict, we now address which state law governs the policy.
 {¶ 12} The Ohio Supreme Court in Ohayon held that an action by an insured against his or her insurance carrier for payment of UM/UIM benefits is a cause of action sounding in contract, rather than tort; thus, questions involving the nature and extent of the parties' rights and duties under an insurance contract's UM/UIM provisions shall be determined by the law of the state selected by applying Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971). (1 Restatement of the Law 2d, Conflict of Laws [1971], Section 205, applied.)91 Ohio St.3d 474, at syllabus.
 {¶ 13} Section 188's choice-of-law methodology focuses on the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile of the contracting parties. Id. at 479. These contacts, however, are not equally important for a choice-of-law determination. Rather, "these contacts are to be evaluated according to their relative importance with respect to the particular issue." 1 Restatement of the Law 2d, Conflict of Laws [1971], Section 188.
 {¶ 14} In insurance cases, the most significant contact is the location of the subject matter, i.e., location of the insured risk. Specifically, the Ohayon court noted that the rights created by an insurance contract should be determined "by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties." Ohayon, supra, at 479, citing, Restatement at 610, Section 193.
 {¶ 15} When addressing this issue, the majority of Ohio courts, including this court, "have primarily focused on whether the insurance policy covers vehicles that are principally garaged in Ohio, finding Ohio law will apply if such vehicles are covered by the policy." Pitsenbarger v. Foos, Miami App. Nos. 2003-CA-22, 2003-CA-26, 2003-CA-27, 2003-Ohio-6534, ¶ 54, citingVohsing v. Federal Ins. Co., Licking App. No. 2002-CA-00101, 2003-Ohio-2511; Glover v. Smith, Hamilton App. Nos. C-020192, and C-020205, 2003-Ohio-1020; Moore v. Kemper Ins. Co., Delaware App. No. 02CAE04018, 2002-Ohio-5930; Edmondson v.Premier Indus. Corp., Cuyahoga App. No. 81132, 2002-Ohio-5573,Amore v. Grange, Richland App. No. 02CA70, 2003-Ohio-3207;Garcia v. Green, Lucas App. L-02-1351, 2003-Ohio-3841. See, also, McDonald v. Williamson, Cuyahoga App. No. 81590, 2003-Ohio-6606; Acree v. CAN Ins. Cos., Hamilton App. No. C-020710, 2003-Ohio-3043.
 {¶ 16} Similarly, when the policy was contracted and negotiated in another state and no vehicles were contemplated to be principally garaged in Ohio, courts have refused to apply Ohio law. Pitsenbarger, supra, at ¶ 54, citing Varecka v. Doe,
Warren App. No. CA2002-06-053, 2003-Ohio-817; Hofle v. Gen.Motors Corp., Warren App. No. CA2002-06-062, 2002-Ohio-7152;Misseldine v. Progressive Cas. Ins. Co., Cuyahoga App. No. 81770, 2003-Ohio-1359. See, also, Foster v. Motorists Ins. Co.,
Mercer App. No. 10-03-07, 2004-Ohio-1049 (applying Texas law because policy negotiated and delivered in Texas and the only covered vehicles were principally garaged in Texas).
 {¶ 17} However, some courts have refused to find that the location of the insured risk was Ohio even when the policy covered vehicles registered and garaged in Ohio and the vehicle was insured under the policy. See, e.g., Humbert v. United OhioIns. Co., 154 Ohio App.3d 540, 2003-Ohio-4356; Randolph v. Ins.Co. of the State of Penn., Jefferson App. No. 99-JE-37, 2002-Ohio-5242; Carr v. Isaacs, Butler App. No. CA2001-08-191, 2002-Ohio-1734; Redd v. National Union Fire Ins. Co. (S.D. Ohio 2003), 241 F. Supp.2d 819. Rather, these courts have focused on the total number of vehicles covered under the policy and have concluded that the place of the majority of covered vehicles constituted the location of the insured risk.
 {¶ 18} We decline to adopt this approach. Indeed, this court in McDonald, supra, recently explained:
"Where nationwide coverage is provided, the policy'slegitimate expectation is that the site of the insured risk ismore significant than the insurer's residence or the place ofnegotiation. When a large insurer issues a policy designed toapply nationwide, it has no legitimate expectation that the lawof its residence will apply in other states." Id. at ¶ 22.
 {¶ 19} Applying this reasoning and Ohayon to the instant case, we find that Ohio law applies. Here, AIU insured 834 vehicles in Ohio. Furthermore, Robert Sarka's vehicle was registered and garaged in Ohio and it was covered under the policy because he was within the course and scope of his employment at the time of the accident. Although the policy was negotiated and delivered in New York, we find the location of the insured risk is more significant especially since there is nothing in the policy's terms indicating that AIU believed New York law would apply.
 {¶ 20} Furthermore, while AIU is incorporated in New York, Time Warner is incorporated in Delaware with offices across the country, including Ohio. Moreover, as recognized by this court inMcDonald, the policy's nationwide coverage "defeats" AIU's claim that New York contacts are significant.
 {¶ 21} Finally, although the inclusion of an "Ohio Uninsured Motorist Coverage Option Form" is not an enumerated factor for determining choice of law under the Restatement, it is nonetheless relevant as to the parties' intent to be bound by Ohio law. See, e.g., Garcia, supra, at ¶ 24, citing Vohsing,
supra, at ¶ 26; Amore, supra, at ¶ 25; Glover, supra, at ¶ 8; and Horston v. Pfannenschmidt, Jefferson App. No. 02-JE-3, 2002-Ohio-7379, at ¶ 13.
 {¶ 22} Accordingly, we find that the trial court erred by applying New York law and granting AIU's motion for summary judgment.
 {¶ 23} The estate's first assignment of error is sustained.
 Applying Ohio Law {¶ 24} In its second assignment of error, the estate contends that the trial court erred by denying its motion for summary judgment on the basis that New York law applied. We agree.
 {¶ 25} As stated above, it is undisputed that Sarka was an insured under the policy because he was in the course and scope of his employment at the time of the accident.[4] Moreover, AIU has not challenged that its "Ohio Uninsured Motorists Coverage Option Form" failed to comply with the requirements ofLinko, supra. Thus, applying the relevant version of R.C.3937.18, Sarka was entitled to coverage by operation of law based on AIU's failure to offer UM coverage under the policy. Gyori,
supra, at 567.
 {¶ 26} Accordingly, we find that the estate is entitled to UIM coverage and, thus, the second assignment of error is sustained.
 {¶ 27} Judgment reversed and case remanded for further proceedings consistent with this opinion.
 Gallagher and Calabrese, Jr., JJ., concur.
It is, therefore, considered that said appellants recover of said appellees the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Both parties have stipulated that Sarka was in the course and scope of his employment at the time of the accident.
[2] On appeal, AIU concedes that Robert Sarka was an insured under the policy because he was in the course and scope of his employment at the time of the accident. Thus, the Ohio Supreme Court's recent decision in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, does not affect the estate's claims.
[3] The version of R.C. 3937.18 in effect on June 1, 1995, the date of the execution of the policy, is the relevant statutory law for the estate's claims. See Ross v. Farmers Ins. Group ofCos. (1998), 82 Ohio St.3d 281. Any reference in this opinion to R.C. 3937.18 refers to this version.
[4] The definition of an insured under the policy included "employees but only while acting within their duties."