OPINION
{¶ 1} This is an appeal from the judgment of the Shelby County Common Pleas Court which granted summary judgment to Defendant-Appellees, Liberty Mutual Insurance Company ("Liberty") and National Union Fire Insurance Company (National), and against Plaintiff-Appellant, Gordon Burchett ("Gordon").
 {¶ 2} On December 13, 1989, Douglas Burchett, was killed in an auto accident caused by an underinsured motorist. Burchett was survived by, among others, his father, Gordon Burchett. At the time of the accident, Gordon was employed by the Stolle Corporation, a subsidiary of Aluminum Company of America ("ALCOA") who was covered by a business auto policy issued by Liberty and a commercial umbrella policy issued by National.
 {¶ 3} After the accident, Burchett filed an underinsured motorist ("UIM") claim with both Liberty and National which were denied. On October 31, 2001, Gordon filed a complaint against among others, Liberty and National. Liberty and National both filed motions for summary judgment which were granted on June 18, 2003.
 {¶ 4} Gordon now appeals, asserting two assignments of error, which will be discussed together.
The trial court erred to the prejudice of Plaintiff-appellant, GordonBurchett, in granting summary judgment in favor of Defendant-appellee,Liberty Mutual Insurance Company, and denying Plaintiff-appellant'smotion for summary judgment on his claims for declaratory relief onLiberty Mutual Business Auto Policy number RG1-681-004072.
 The trial court erred to the prejudice of Plaintiff-appellant, GordonBurchett, in granting summary judgment in favor of Defendant-appellee,National Union Fire Insurance Company of Pittsburgh PA, and denyingPlaintiff-appellant's motion for summary judgment on his claims fordeclaratory relief on National Union Commercial Umbrella Liability Policynumber BE307-41-33.
 {¶ 5} In this case, both Liberty and National argue that Pennsylvania law governs pursuant to Ohayan v. Saefco Ins. Co. (2001),91 Ohio St.3d 474. Recently, in Humbert v. United Ohio Ins. Co., Seneca App. No. 13-03-22, 2003-Ohio-4356 ¶ 10, this court, quoting Ohayon,
stated that,
Absent an effective choice of law by the parties,[1] pursuant to Section 188 of the Restatement, the parties rights and duties under the contract are determined by the law of the state that has "the most significant relationship to the transaction and the parties." Ohayon,
supra, at 477, 747 N.E.2d 206; Phelps, supra, at 14. Section 188(2) provides that, in making this determination, courts should consider (1) the place of contracting, (2) the place of negotiation, (3) the place of performance, (4) the location of the subject matter, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. Ohayon, supra, at 477, 747 N.E.2d 206.
 {¶ 6} In this case, while Liberty purported to include an affidavit by Carol Syzmanski as exhibit E of its summary judgment motion which detailed how Pennsylvania bore the more significant relationship to the contract, Syzmanski's affidavit is not included as exhibit E[2] nor is it located anywhere else in the record. Additionally, while National also purported to demonstrate how Pennsylvania bore the more significant relationship to the contract and actually supplied documentary evidence, the documents supplied contained little relevant information and were insufficient to demonstrate the applicable Ohayon factors.[3]
Consequently, we are unable to determine whether Pennsylvania or Ohio law applies. Ordinarily, we would remand to the trial court for a factual determination to establish which law governs. However, we find no need to remand in this case as Gordon is not asserting that he is entitled to UIM coverage under Pennsylvania law, and as is discussed below, Gordon is not entitled to UIM coverage under Ohio law.
 Liberty Policy under Ohio Law {¶ 7} An appellate court reviews a grant of summary judgment de novo. Lorain Nat'l Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment is proper if the evidence filed in a case shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ. R.56(C). Furthermore, summary judgment should be granted, "if it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ. R.56(C).
 {¶ 8} In this case, the trial court stated that ALCOA was self-insured "in the practical sense" under the Liberty policy and therefore not subject to the requirements of R.C. 3937.18. In GrangeMut. Cas. Co. v. Refiners Transport Terminal Corp. (1986),21 Ohio St.3d 47, the Ohio Supreme Court held that the uninsured motorist provisions of R.C. 3937.18 do not apply either to self-insurers or financial responsibility bond principals. Id. at syllabus. Specifically, the Court found that requiring an employer to offer insurance to itself would "result in the absurd `situation where one has the right to reject an offer of insurance to one's self * * *.'" Id. at 49. Thereafter, the Court determined that while the bonded employer in Grange was not a `self-insurer' in the legal sense which would require certification, the employer was `self-insured' in the practical sense in that the employer was ultimately financially responsible under the term of its bond. Consequently, the Court found that R.C. 3937.18 did not apply to the employer.
 {¶ 9} Recently, in Hellman v. Motorists Mut. Ins. Co., this court held that an employer having an insurance policy with a matching liability limit and deductible was also self-insured "in the practical sense" pursuant to Grange and therefore was not required to offer UIM coverage pursuant to R.C. 3937.18. Putnam App. No. 12-02-14,2003-Ohio-2671 ¶ 23(citing Lafferty v. Reliance Ins. Co. (S.D.Ohio 2000), 109 F. Supp.2d 837;McCollum v. Continental Ins. Co. (Apr. 9, 1993), Lucas App. No. L-92-141; Rupple v. Moore, Ashland App. No. 02-COA-003, 2002-Ohio-4873, ¶ 23-24 Musser v. Musser, Adams App. No. 02CA750, 2003-Ohio-1440, ¶ 16; Cincinnati Ins. Co. v. Torok,152 Ohio App.3d 398, 2003-Ohio-1764, ¶ 19).
 {¶ 10} In this case, under the Liberty policy, ALCOA had a limit of liability of $5,000,000 and a deductible of $5,000,000 when the accident occurred.[4] Accordingly, we find that ALCOA, as the holder of a policy with matching deductible and liability limits, is self-insured in the practical sense and therefore not required to meet the statutory requirements of R.C. 3937.18.[5] As Gordon's claims[6] for UM/UIM coverage under the Liberty policy issued to ALCOA fail as a matter of law, Gordon's first assignment of error is overruled.
 National Policy under Ohio Law {¶ 11} In this case, the National umbrella policy provides for payment for "that portion of the ultimate net loss in excess of the retained limit * * * [of] the total of the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance hereof." The underlying policies listed in the schedule include the Liberty policy discussed above. As the National policy will only pay for coverage which exceeds the limit paid by Liberty and we have determined that Gordon is not entitled to coverage pursuant to the underlying Liberty policy as stated above, Gordon cannot receive any excess coverage under the National policy. See Shook v. Cincinnati Ins. Co., Stark App. No. 2002CA00067, 2002-Ohio-5481; Jump v. Nationwide Mut. Ins. Co.,
Montgomery App. No. 18880, 2001-Ohio-1699; Misseldine v. Am. Guarantee Liability Ins. Co., Cuyahoga App. No. 82029, 2003-Ohio-2315. Consequently, Gordon's second assignment of error is overruled and the judgment of the trial court is affirmed.[7]
Judgment affirmed.
CUPP and WALTERS, JJ., concur.
[1] The parties do not allege that there was an express provision in the policy dictating which law would apply to interpret the contract.
[2] Exhibit E is actually the affidavit of Gordon Burchett which is listed as such on page 7, footnote 4 of Liberty's Motion for Summary Judgment.
[3] For clarity, we would suggest that a multi-state company arguing under Ohayon, submit an affidavit from a representative applying each of the relevant Ohayon factors as was done in Humbert.
[4] The matching deductible and limit were in effect for the policy periods between March 1, 1989 and April 1, 1991 (End. 39 45).
[5] Gordon argues that language in Endorsement 17 requires Liberty to remain liable for amounts up to the limits of liability and therefore, ALCOA is not self-insured. While we agree that Liberty remains liable for up to $5,000,000, ALCOA must pay a deductible of $5,000,000 in order for Liberty to pay any claims. Consequently, Liberty is not paying any money out of pocket.
[6] On appeal, Gordon also argues that the Liberty policy provides for UIM coverage in Ohio on its face. However, in the trial court, Gordon asserted only that the UIM coverage existed by operation of law. Consequently, we will not now address that argument.
[7] We would also note that even had ALCOA not been self-insured, Gordon's claims under either the Liberty or National policies would fail as a matter of law pursuant to Westfield Ins. Co. v. Galatis
100 Ohio St.3d 216, 2003-Ohio-5849.